In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00098-CV**
_____

**IN RE WILLIAM SCHIAFFO AND REBA SCHIAFFO**

**Original Proceeding**
**284th District Court of Montgomery County, Texas**
**Trial Cause No. 23-12-18040**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relators William Schiaffo and Reba Schiaffo contend the trial court abused its discretion by resolving a discovery and sanctions dispute based on representations opposing counsel made to the trial court during the hearing. We deny the petition.

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial

1

court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840. "The scope of discovery is largely within the trial court's discretion." *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding).

On December 5, 2025, the trial court signed an order granting in part Plaintiffs' Second Amended Motion for Sanctions against Defendant and Defense Counsel, filed pursuant to Texas Rules of Civil Procedure 215 and 13, Chapter 10 of the Texas Civil Practice and Remedies Code, and the Court's inherent authority. In the order, the trial court found that the defendant, Joshua White, engaged in willful discovery abuse, ordered White to pay $5,800 to Schiaffo as reimbursement for preparation and attending a first deposition on May 8, 2025, ordered White to pay $2,310 to Schiaffo for drafting and filing a response to Defendant's Motion for Sanctions and Motion to Exclude, ordered White to appear for a continued deposition before January 31, 2025, ordered White to pay one-half of the court reporter's and videographer's fees, and set the case for trial on March 16, 2026.

Relators complain that the trial court should have granted a harsher sanction against the Real Party in Interest. Relators contend the sanctions granted by the trial court are not "meaningful sanctions." Relators allege the trial court failed to independently verify the representations made by the Real Party and deprived Relators of the procedural means to test or rebut the factual accuracy of opposing counsel's assertions. Relators argue the discovery they sought from Real Party in Interest Joshua White has been irretrievably lost and it has irreparably compromised their claims and defenses. Relators ask for a writ of mandamus directing the trial court to vacate its sanctions order, reconsider Relators' Second Motion for Sanctions, and issue "meaningful sanctions."

A trial court possesses an inherent authority to sanction for bad faith abuse of the judicial process. *Brewer v. Lennox Hearth Prods., LLC*, 601 S.W.3d 704, 718 (Tex. 2020). A sanction must be just and not excessive. *Id.* To appropriate or just, the record must reveal a direct nexus between the improper conduct and the sanction imposed. *See Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007). "Imposing an available sanction is left to the sound discretion of the trial court." *Koslow's v. Mackie*, 796 S.W.2d 700, 704 (Tex. 1990).

This petition is somewhat unique. In most mandamus proceedings challenging a trial court's sanction order, the Relator is the party who has been sanctioned and who complains the sanctions are too harsh. In contrast to the usual scenario, here the

3

Relator is not the party who was sanctioned, and the Relator is complaining that the sanctions were not harsh enough. Relators argue the sanction imposed by the trial court was too lenient because White's discovery abuse deprived Relator of important evidence that would have been available if the Real Party had not engaged in willful discovery abuse and misrepresentation. We conclude Relators have failed to establish that the trial court abused its discretion in issuing the complained-of order. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).[1]

PETITION DENIED.

PER CURIAM

Submitted on March 4, 2026
Opinion Delivered March 5, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

---

[1] Relators' pending motion for leave to file certain confidential documents under seal is denied as moot.